UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

RONALD OLAJIDE,

    Petitioner/Defendant,

  vs.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent/Plaintiff.

No. CR 12-781 PJH

**ORDER REDESIGNATING CASE AS CIVIL CASE; REMANDING CASE TO STATE COURT**

This case, which was originally designated as a criminal case by this court's clerk's office, constitutes a petition for removal of a state court criminal prosecution brought pursuant to 28 U.S.C. § 1443(1), and is actually a civil rights case and should bear a civil case number. Accordingly, the clerk is ORDERED to terminate the criminal case and to reopen the case as a civil case assigned to the same undersigned judge. Once reopened as a civil case, the court REMANDS for the reasons set forth below.

Ronald Olajide has filed a notice of removal seeking to remove a misdemeanor criminal prosecution from Alameda County Superior Court. In 2009, Olajide was apparently charged with misdemeanor driving under the influence of alcohol or drugs and with misdemeanor driving while having a 0.08% or higher blood alcohol.

Olajide seeks to remove the case under 28 U.S.C. § 1443(1), which provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

To remove a case under § 1443(1), the criminal defendant must meet a two-pronged test. First, "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' " *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *see also Davis v. Superior Court of California*, 464 F.2d 1272 (9th Cir.1972) (explaining that removal jurisdiction under § 1443(1) is specific and extremely narrow; claims must relate to statutes explicitly protecting equal racial civil rights). Second, it must appear "that the removal petitioner is 'denied or cannot enforce' the specified federal rights 'in the courts of the State.' " *Johnson*, 421 U.S. at 220 (citation omitted). This generally requires a showing that a state law or constitutional provision denies the defendant an opportunity to raise a federal right. *Id.*

Olajide's petition for removal is not particularly comprehensible, and it appears that he is arguing that various state officials, including a police officer, judges, and county clerks, have conspired to deny him his equal civil rights based on his race. Because Olajide has failed to show that state law or the state constitution denies him his ability to raise a federal right, the court finds that on its face the petition lacks merit and that summary remand is appropriate.

Additionally, Olajide has failed to comply with 28 U.S.C. § 1455 which governs the procedure for removal of state court criminal prosecutions. That statute requires Olajide to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action," which he has failed to do. *See* 28 U.S.C. § 1455(a). Failure to do so similarly requires summary remand. *Id.* at § 1455(b)(4). Moreover, Olajide has not demonstrated that the 2009 misdemeanor charges are pending as required by § 1455(a).

For these reasons, the court summarily remands the matter to the Alameda County Superior Court. The clerk shall close both the criminal case and newly opened civil case.

**IT IS SO ORDERED.**

Dated: October 31, 2012

PHYLLIS J. HAMILTON
United States District Judge